# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
EVA COLEMAN a/k/a EVA FEDER,

Plaintiff,

-against-

TRANS UNION LLC
a/k/a TRANS UNION (OF DELAWARE), LLC,

Defendant.
------------------------------------------------------------------X

Index No.: ____________/2026

**VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff EVA COLEMAN a/k/a EVA FEDER ("Plaintiff"), by her attorney, Elliot M. Elo, Esq. of THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC, as and for her verified complaint against Defendant TRANS UNION LLC a/k/a TRANS UNION (OF DELAWARE), LLC ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought by an individual consumer against a consumer reporting agency for willful and negligent violations of section 607(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b).

2. Defendant prepares and sells consumer reports concerning Plaintiff that contain a tradeline reported by the debt buyer Spring Oaks Capital LLC in a materially false and misleading form, including by coding a defaulted, charged off consumer credit card debt as a "FACTORING COMPANY ACCOUNT", by reporting the account as an open account with a full balance past due, and by continuing that reporting even after Plaintiff disputed the account.

3. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff in the consumer reports it prepared, in violation of 15 U.S.C. § 1681e(b).

4. This action does not assert any claim under 15 U.S.C. § 1681g or 15 U.S.C. § 1681i, and no allegation herein should be construed as such a claim.

**PARTIES**

5. Plaintiff EVA COLEMAN a/k/a EVA FEDER is a natural person who resides in Brooklyn, New York 11230, in the County of Kings, State of New York.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) because she is an individual.

7. Defendant TRANS UNION LLC a/k/a TRANS UNION (OF DELAWARE), LLC is a Delaware limited liability company with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661.

8. Defendant is authorized to do business in the State of New York, where it is registered with the New York Department of State under DOS ID 2331915 and under the fictitious name TRANS UNION (OF DELAWARE), LLC because its true legal name was unavailable in New York.

9. Defendant has been registered with the New York Department of State continuously since January 6, 1999, and maintains Corporation Service Company, 80 State Street, Albany, New York 12207, as its registered agent in New York.

10. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) because, for monetary fees, dues, or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other

information on consumers for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports.

11. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis within the meaning of 15 U.S.C. § 1681a(p).

12. The written, oral, or other communications of credit information concerning Plaintiff that Defendant prepares and furnishes to third parties are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action because state courts have concurrent jurisdiction over claims arising under the FCRA pursuant to 15 U.S.C. § 1681p.

14. This Court has general personal jurisdiction over Defendant pursuant to CPLR 301 because Defendant is registered to do business in New York and maintains a continuous and systematic course of business in New York.

15. This Court also has specific personal jurisdiction over Defendant pursuant to CPLR 302(a)(1) because Defendant transacts business within New York, including by assembling and selling consumer reports concerning New York consumers such as Plaintiff, and Plaintiff's claims arise from those transactions.

16. Venue is proper in Kings County pursuant to CPLR 503(a) because Plaintiff resides in Kings County.

17. This action was commenced within two years after the date of Plaintiff's discovery of the violations alleged herein and within five years after the date on which the violations occurred, and is therefore timely under 15 U.S.C. § 1681p.

## STATUTORY FRAMEWORK

18. Section 1681e(b) of the FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

19. Information in a consumer report is inaccurate under 15 U.S.C. § 1681e(b) not only when it is patently false, but also when it is materially misleading, that is, when it is open to an interpretation that is directly contradictory to the true information or is presented in a manner that creates a materially misleading impression on a user of the report, *see Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269-70 (2d Cir. 2023) (accuracy under the FCRA requires that reported information be correct and not materially misleading).

20. The reasonableness of a consumer reporting agency's procedures under 15 U.S.C. § 1681e(b) is measured against what a reasonably prudent consumer reporting agency would do in light of the information available to it, including industry reporting standards and specific notice of problems with particular furnishers or categories of data.

21. The Metro 2 Format, promulgated by the Consumer Data Industry Association ("CDIA"), of which Defendant is a member, is the industry standard governing how furnishers report account information to consumer reporting agencies, including the fields for portfolio type, account type, account status, payment rating, and amount past due.

## FACTUAL ALLEGATIONS

22. At all relevant times, Defendant has assembled, maintained, and sold consumer report information concerning Plaintiff.

23. Defendant's reporting concerning Plaintiff includes a tradeline furnished by Spring Oaks Capital LLC, a debt buyer with an address of PO Box 1216, Chesapeake, Virginia 23327 (the "Spring Oaks Tradeline").

24. Defendant reports the Spring Oaks Tradeline with a Date Opened of July 19, 2022, a Balance of $16,490, a Past Due amount of $16,490, a High Balance of $16,490, and a Pay Status of Collection.

25. Defendant reports the Original Creditor of the Spring Oaks Tradeline as FIRST NATIONAL BANK OF OMAHA.

26. The underlying obligation is a defaulted consumer credit card debt originated by First National Bank of Omaha that was charged off by the original creditor and thereafter acquired for collection by Spring Oaks Capital LLC.

27. Defendant codes the Loan Type of the Spring Oaks Tradeline as "FACTORING COMPANY ACCOUNT".

28. A factoring company is an entity that purchases performing accounts receivable from a business at a discount as a financing transaction.

29. Spring Oaks Capital LLC is not a factoring company and did not purchase a performing receivable from Plaintiff or from any business as a financing transaction; it is a debt buyer that acquired a defaulted, charged off consumer debt for collection.

30. Coding a defaulted, charged off consumer credit card debt held by a debt buyer as a "FACTORING COMPANY ACCOUNT" is false, and is materially misleading to a user of the report because it misrepresents the nature, origin, and status of the obligation.

31. Defendant reports the Account Type of the Spring Oaks Tradeline as "Open Account", which is materially misleading because it presents a stale, charged off, purchased debt in the posture of an active open obligation.

32. Defendant reports the entire $16,490 balance of the Spring Oaks Tradeline as currently past due, month after month, which, in combination with the open account coding and the factoring company designation, creates the materially misleading impression of a current, active, and growing delinquency rather than a legacy defaulted debt that was charged off by the original creditor.

33. Defendant's own reporting of the Spring Oaks Tradeline bears the remark "Account information disputed by consumer (FCRA)", establishing that Plaintiff disputed the Spring Oaks Tradeline and that Defendant had actual notice that the accuracy of this tradeline was contested.

34. Notwithstanding that notice, Defendant continued to report the Spring Oaks Tradeline in the same false and materially misleading form, updating it as recently as June 19, 2026.

35. Defendant also reports the tradeline styled DISCOVER CARD with a Pay Status of Charge-off and a Balance of $14,728, and the tradeline styled JPMCB CARD SERVICES with a Pay Status of Charge-off, and, upon information and belief, Defendant includes those tradelines together with the Spring Oaks Tradeline in the consumer reports it sells concerning Plaintiff, magnifying the impact of the misleading Spring Oaks reporting on any user's evaluation of Plaintiff.

**DEFENDANT PREPARED AND FURNISHED CONSUMER REPORTS CONTAINING THE INACCURATE INFORMATION**

36. Defendant's records concerning Plaintiff reflect account review inquiries in which Defendant furnished information from Plaintiff's file to subscribers including DISCOVER CARD, VERIZON WIRELESS, TBOM/ASPIRE, and CAPITAL ONE.

37. Defendant's records concerning Plaintiff further reflect promotional inquiries in which Defendant furnished Plaintiff's name, address, and other information to subscribers so that they could extend firm offers of credit.

38. Upon information and belief, during the period in which Defendant reported the Spring Oaks Tradeline in the false and materially misleading form described above, Defendant prepared and furnished consumer reports concerning Plaintiff to one or more third parties, and each such report communicated the Spring Oaks Tradeline in that false and materially misleading form.

39. Each consumer report concerning Plaintiff that Defendant prepared containing the Spring Oaks Tradeline as described above was prepared without reasonable procedures to assure maximum possible accuracy.

**DEFENDANT'S PROCEDURES WERE NOT REASONABLE**

40. Defendant is a founding participant in the CDIA and in the development and maintenance of the Metro 2 Format, and Defendant knows the field definitions of that format, including the definitions governing portfolio type, account type, and the reporting of purchased, charged off consumer debt by debt buyers.

41. Defendant knows that debt buyers are not factoring companies and that the factoring company account designation misdescribes purchased, defaulted consumer debt.

42. Defendant accepted and republished the Spring Oaks Tradeline with the factoring company account designation, the open account coding, and the full balance past due reporting

without any procedure that tested that reporting against the account's own internal features, including the identification of a different original creditor, the collection pay status, and the placement for collection remark, each of which contradicted the factoring company and open account codings on the face of the same tradeline.

43. Defendant continued to report the Spring Oaks Tradeline in the same form after Plaintiff's dispute placed Defendant on specific notice that the tradeline's accuracy was contested.

44. In May 2015, Defendant, together with the other nationwide consumer reporting agencies, entered into an Assurance of Voluntary Compliance with the Attorneys General of thirty-one states in which Defendant undertook specific commitments concerning the accuracy of collection and debt buyer reporting, further confirming Defendant's notice of the accuracy risks presented by debt buyer furnishers.

45. A reasonably prudent consumer reporting agency with Defendant's knowledge and notice would have implemented procedures that detected and prevented the internally contradictory and materially misleading reporting of the Spring Oaks Tradeline, and Defendant's failure to do so was a failure to follow reasonable procedures to assure maximum possible accuracy.

## WILLFULNESS ALLEGATIONS

46. A defendant willfully violates the FCRA where it acts knowingly or with reckless disregard of its statutory obligations, that is, where its conduct entails an unjustifiably high risk of violating the statute, *see Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58, 69-70 (2007).

47. Defendant ingests, formats, and republishes furnisher data through automated systems that Defendant designed and controls, and the reporting of the Spring Oaks Tradeline in the form described above is the output of those systems.

48. Defendant has known for years, through the Metro 2 Format that it helped develop, through the 2015 Assurance of Voluntary Compliance, and through years of consumer disputes and litigation concerning debt buyer tradelines, that debt buyer reporting presents recurring accuracy failures of exactly the kind alleged herein.

49. Upon information and belief, Defendant has received repeated complaints from consumers concerning the reporting of purchased, charged off debts as factoring company accounts and as open accounts with full balances past due.

50. Notwithstanding that knowledge and notice, Defendant made a deliberate choice not to implement procedures that would detect and correct such reporting, including in Plaintiff's case after her dispute.

51. Upon information and belief, Defendant reports purchased, charged off consumer debts furnished by debt buyers in the same false and materially misleading form for thousands of other consumers, such that Defendant's violation is systemic rather than isolated.

52. Defendant's violations of 15 U.S.C. § 1681e(b) were accordingly willful within the meaning of 15 U.S.C. § 1681n or, in the alternative, negligent within the meaning of 15 U.S.C. § 1681o.

**INJURY TO PLAINTIFF**

53. Defendant's preparation and furnishing of consumer reports containing the false and materially misleading Spring Oaks Tradeline published derogatory and misleading information about Plaintiff to third parties, injuring Plaintiff's reputation for creditworthiness in a manner closely related to the harm redressed by the common law tort of defamation.

54. As a direct and proximate result of Defendant's violations, Plaintiff has suffered damage to her creditworthiness and credit standing as evaluated by users of Defendant's consumer reports.

55. As a direct and proximate result of Defendant's violations, Plaintiff has suffered actual damages including emotional distress, anxiety, frustration, aggravation, embarrassment, and fear of credit denial arising from the knowledge that Defendant is communicating false and materially misleading derogatory information about her to creditors and other users.

56. As a further direct and proximate result of Defendant's violations, Plaintiff has lost time and incurred effort addressing Defendant's reporting, including disputing the Spring Oaks Tradeline and reviewing the resulting reporting.

57. Plaintiff's injuries are concrete and particularized, are actual rather than conjectural, and bear a close relationship to harms traditionally recognized as providing a basis for suit in American courts.

## AS AND FOR A FIRST CAUSE OF ACTION

(Willful Violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681n)

58. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

59. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff in the consumer reports it prepared, including the false and materially misleading Spring Oaks Tradeline described above.

60. Defendant's violations were willful within the meaning of 15 U.S.C. § 1681n because Defendant acted knowingly or in reckless disregard of its statutory duties, as alleged above.

61. Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover her actual damages or statutory damages of not less than $100 and not more than $1,000, punitive damages, and her costs together with reasonable attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

(Negligent Violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681o)

62. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

63. In the alternative, Defendant negligently failed to comply with 15 U.S.C. § 1681e(b) as alleged above.

64. As a direct and proximate result of Defendant's negligent noncompliance, Plaintiff suffered actual damages as alleged above.

65. Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover her actual damages and her costs together with reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant TRANS UNION LLC a/k/a TRANS UNION (OF DELAWARE), LLC as follows:

(a) On the First Cause of Action, actual damages or statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3);

(b) On the Second Cause of Action, actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2);

(c) Prejudgment and postjudgment interest to the fullest extent permitted by law; and

(d) Such other and further relief as this Court deems just and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff hereby demands a trial by jury on all issues and causes of action so triable in this action.

Dated: New York, New York
August 14, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC

By: <u>s/ Elliot M. Elo</u>
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

ELLIOT M. ELO, ESQ., an attorney duly admitted to practice law before the courts of the State of New York, affirms the following to be true under the penalties of perjury pursuant to CPLR 2106:

1. I am the attorney of record for Plaintiff EVA COLEMAN a/k/a EVA FEDER in the above-captioned action, and I maintain my office in the County of New York, State of New York.

2. I have read the foregoing verified complaint and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

3. This verification is made by me and not by Plaintiff pursuant to CPLR 3020(d)(3) because Plaintiff resides in the County of Kings, which is not the county where I maintain my office.

4. The grounds of my belief as to all matters not stated upon my own knowledge are the documents, records, and file materials maintained in my office concerning this matter, including the consumer file materials referenced in the verified complaint, and communications concerning this matter.

Dated: New York, New York
August 14, 2026

s/ Elliot M. Elo
Elliot M. Elo, Esq.